UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

TIMOTHY WOOD,
Debtor.
_____/

Case No. 16-30102-dof
Chapter 13 Proceeding
Hon. Daniel S. Opperman

## OPINION OVERRULING IN PART AND SUSTAINING IN PART DEBTOR'S OBJECTION TO PROOF OF CLAIM OF CITIZENS BANK, N.A.

### Introduction

Timothy Wood objects to the claim of Citizens Bank, N.A. ("Citizens") because he thinks it has not properly applied payments. Citizens denies Mr. Wood's objection and affirms it has acted properly. Because the Court does not find the errors stated by Mr. Wood occurred, the Court partially overrules his objection but orders Citizens to provide him an accounting of funds received and applied by Citizens as to Mr. Wood's loan.

### Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

### Findings of Fact

The Court makes the following findings of fact based on a review of the pleadings in this case and oral statements made in open Court on May 14, 2019.

Mr. Wood is a builder of homes. By 2003, he built three homes and sold two of the three. He wanted to build a fourth home at 12356 Lahring Road, Byron, Michigan but lacked the money

1

to do so. He borrowed $406,985.00 from Charter One Bank, N.A. ("Charter") and granted Charter a mortgage on 12356 Lahring Road, Byron, Michigan as well as the third home. The mortgage contained a rider, which states:

> A. PRINCIPAL REDUCTION; EVENT OF DEFAULT. The Security Instrument secures a lien on both the Property and the Additional Property. It will be an event of default under the Note and the Security Instrument if the principal balance of the Loan is not reduced by a payment to Lender of $210,000.00 (the "Principal Reduction Payment") on or before the date the Additional Property is sold. The payment of the Principal Reduction Payment will not relieve Borrower from the obligation to make any scheduled monthly payment. Upon receipt of the Principal Reduction Payment and the Home-to-Home Fee of $300.00, Lender will prepare and issue Partial Release for the Additional Property and will recast the Loan payments as set forth below.

The third home, identified as the "Additional Property", was to be sold by Mr. Wood and the proceeds of that sale applied to his debt to Charter.

Mr. Wood built the home at 12356 Lahring and then sold the third home for $234,900. At closing, it appears that CCO Mortgage, which held the first mortgage on the third home, received $141,785.00. Charter received $25,283.74 and Mr. Wood left the closing with a $54,983.22 check that he deposited into his account.[1] Subsequently, Charter assigned its rights to Citizens and Mr. Wood missed payments on his loan. Citizens started foreclosure and Mr. Wood filed a Chapter 13 petition. After the objection of Citizens to his plan was resolved, his plan was confirmed on June 14, 2016. Almost three years later, Mr. Wood filed the instant objection to Citizens' claim, and thereafter his counsel withdrew.

Mr. Wood appeared at the May 14, 2019 hearing and argued that Charter did not properly handle the closing in that it let him receive the $54,983.22 instead of applying that amount to his loan. During the hearing, the Court sensed that Mr. Wood wanted to consult with and have

---

[1] Mr. Wood presented a copy of the closing statement at the May 14, 2019 hearing. This statement was not attached to his pleadings, but the Court allowed him to place the amounts on the record.

2

counsel. The Court allowed Mr. Wood time to hire new counsel and set a deadline of May 31, 2019 for him to do so, with a further condition that the Court would not rule on his objection if new counsel was hired by that date. Otherwise, the Court would consider the matter ripe for decision. No appearance for Mr. Wood has been filed to date.

Analysis

Mr. Wood objects to Citizens' claim because he thinks the $54,983.22 should not have been given to him at closing, but instead applied to his debt. His second objection is that he is not sure payments have been properly applied given the assignments from Charter to Citizens. Per Mr. Wood, his repeated requests for verification of the proper claimant and the amount owed by him are unanswered, even though he made a qualified written request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and the Truth in Lending Act, 15 U.S.C. § 1641. Citizens states this information has been supplied.

The Court overrules Mr. Wood's objection as to the application of the $54,983.22 that he received at closing. First, the language in the rider only defines the non-payment of $210,000.00 as an event of default, not a requirement that this money be paid. Here, neither Charter or Citizens has declared an event of default as defined in the rider, so Mr. Wood has not been harmed.

Second, Mr. Wood has not been harmed in that he actually received all of the net proceeds at closing. He could have applied some or all of those proceeds to his debt at any time. From the documents supplied to the Court, Mr. Wood was entitled to $54,983.22 and he received those proceeds. This part of his objection is overruled.

Mr. Wood is entitled to the information sought in the QWR, however, so that part of his objection is sustained. Citizens must provide the QWR information within 49 days. Thereafter, Mr. Wood may review this information and file an objection to claim based on that information.

3

16-30102-jda    Doc 52    Filed 06/21/19    Entered 06/21/19 12:02:14    Page 3 of 4

It was obvious at the May 14, 2019 hearing that Mr. Wood is engaged and passionate about his case and he should be allowed a full opportunity to review this information and take action as needed.

The objection of Mr. Wood is overruled in part and sustained in part. Citizens must respond to the QWR of Mr. Wood within 49 days. The Court will enter an Order consistent with this Opinion.

**Signed on June 21, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge